GDB/LEK: USAO 2017R00159

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. GJH 18cr194 |
| | * | |
| TAMIKO SCOTT-BONDS, | * | (Health Care Fraud, 18 U.S.C. § 1347; |
| a/k/a "Tamiko Richardson," | * | Aggravated Identity Theft, 18 U.S.C. |
| | * | § 1028A(a)(1); Aiding and Abetting, 18 |
| Defendant | * | U.S.C. § 2; Forfeiture, 18 U.S.C. |
| | * | §§ 981(a)(1)(C) & 982(a)(7), 21 U.S.C. |
| | * | § 853(p), 28 U.S.C. § 2461) |
| | * | |

*******

**INDICTMENT**

**COUNTS ONE THROUGH FIFTEEN**
(Health Care Fraud)

The Grand Jury for the District of Maryland charges that:

**Introduction**

At all times relevant to this Indictment:

1. The Maryland Medicaid program and certain private insurance companies were health care benefit programs as defined by 18 U.S.C. § 24(b). Maryland Medicaid and the private insurance companies offered prescription drug benefits to covered individuals.

2. A Drug Enforcement Administration Registration Number ("DEA number") was a unique identifier that the United States Drug Enforcement Administration ("DEA") assigned to health care providers, including physicians and physician's assistants. A DEA number authorized a health care provider to write pharmaceutical prescriptions for controlled substances. Pharmacies used DEA numbers to track and authenticate prescriptions for controlled substances.

3. Alprazolam, Clonazepam, Oxycodone, Promethazine, and Dextroamphetamine Amphetamine were controlled pharmaceutical substances and only could be obtained from a pharmacy with a valid prescription. Alprazolam and Clonazepam were sedatives used to treat anxiety. Oxycodone was an opioid used to treat pain. Promethazine was a neuroleptic and sedative. Dextroamphetamine Amphetamine was a stimulant used to treat Attention Deficit Disorder.

4. When pharmacies filled prescriptions for controlled substances, pharmacies asked the individuals requesting the filled prescriptions to provide the patients' personal identifying information, such as the patients' names and dates of birth, in order to ensure that prescriptions were filled for the correct pharmaceutical patients. Pharmacies maintained pharmaceutical patients' names, dates of birth, and health care benefit program information, and used that information to fill prescriptions and bill the patients' health care benefit programs for reimbursement.

5. A health care provider's DEA number, name, and signature, as well as an individual's name and date of birth, were means of identification as defined by 18 U.S.C. § 1028(d)(7).

## The Scheme to Defraud

6. From at least in or about August 2014 and continuing through at least in or about June 2017, in the District of Maryland and elsewhere, **TAMIKO SCOTT-BONDS, a/k/a "Tamiko Richardson," ("SCOTT-BONDS")** devised a scheme and artifice to defraud any health care benefit program, and to obtain, by means of false and fraudulent pretenses, representations, and promises, any of the money and property owned by, and under the custody

and control of, any health care benefit program, in connection with the delivery of and payment for health care benefits, items, and services ("the scheme to defraud").

**Manner and Means of the Scheme to Defraud**

It was part of the scheme to defraud that:

7. Without lawful authority, **SCOTT-BONDS** acquired the names and DEA numbers of practicing health care providers, including Health Care Provider 1, Health Care Provider 2, and Health Care Provider 3.

8. Without lawful authority, **SCOTT-BONDS** acquired the names and dates of birth of beneficiaries of health care benefit programs—including Individual 1, Individual 2, and Individual 3—who were enrolled in the Maryland Medicaid program and other health care benefit programs.

9. **SCOTT-BONDS** obtained blank prescription paper bearing the names, DEA numbers, and other means of identification of practicing health care providers. Using the blank prescription paper, **SCOTT-BONDS** wrote and caused to be written fraudulent prescriptions for controlled pharmaceutical substances.

10. **SCOTT-BONDS** obtained an electronic prescription template. Using that electronic prescription template, **SCOTT-BONDS** wrote and caused to be written fraudulent prescriptions bearing the names and DEA numbers of practicing health care providers, including Health Care Provider 1.

11. **SCOTT-BONDS** filled the fraudulent prescriptions by using her own means of identification, as well as the names and dates of birth of Individual 1, Individual 2, and Individual 3.

## Execution of the Scheme to Defraud

12. From at least in or about September 2015 and continuing through at least in or about June 2017, in the District of Maryland and elsewhere, the defendant,

**TAMIKO SCOTT-BONDS,**
a/k/a "Tamiko Richardson,"

knowingly and willfully executed, and attempted to execute, the scheme and artifice to defraud any health care benefit program, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of, any health care benefit program, in connection with the delivery of and payment for health care benefits, items, and services; to wit, on or about the dates listed below, **SCOTT-BONDS** caused to be submitted false and fraudulent claims to the Maryland Medicaid health care benefit program:

| Count | Health Care Provider | Individual | Controlled Substance | Date Prescription Filled | Amount Claimed |
|---|---|---|---|---|---|
| 1 | 1 | 1 | Oxycodone | 9/5/2015 | $47.73 |
| 2 | 1 | 1 | Alprazolam | 9/14/2015 | $7.88 |
| 3 | 1 | 1 | Dextroamphetamine Amphetamine | 9/28/2015 | $66.29 |
| 4 | 1 | 2 | Oxycodone | 9/14/2015 | $42.34 |
| 5 | 1 | 2 | Alprazolam | 6/19/2016 | $7.88 |
| 6 | 1 | 2 | Alprazolam | 7/11/2016 | $7.88 |
| 7 | 1 | 2 | Alprazolam | 8/2/2016 | $7.88 |
| 8 | 1 | 3 | Alprazolam | 4/16/2016 | $7.88 |
| 9 | 1 | 3 | Alprazolam | 5/8/2016 | $7.88 |
| 10 | 2 | SCOTT-BONDS | Promethazine | 6/16/2017 | $38.42 |
| 11 | 2 | SCOTT-BONDS | Promethazine | 6/22/2017 | $38.42 |
| 12 | 2 | SCOTT-BONDS | Clonazepam | 6/16/2017 | $12.94 |
| 13 | 2 | SCOTT-BONDS | Clonazepam | 6/19/2017 | $12.94 |
| 14 | 3 | SCOTT-BONDS | Alprazolam | 6/29/2016 | $7.88 |
| 15 | 3 | SCOTT-BONDS | Alprazolam | 7/20/2016 | $7.88 |

18 U.S.C. § 1347

## COUNT SIXTEEN
### (Aggravated Identity Theft)

The Grand Jury for the District of Maryland further charges that:

1. Paragraphs 1 through 11 of Counts One through Fifteen of this Indictment are incorporated here.

2. From at least on or about September 5, 2015, through at least on or about August 2, 2016, in the District of Maryland and elsewhere, the defendant,

**TAMIKO SCOTT-BONDS,**
a/k/a "Tamiko Richardson,"

during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), knowingly transferred, possessed, and used, without lawful authority, a means of identification of another person; to wit, Health Care Provider 1's actual name and DEA number, during and in relation to a violation of 18 U.S.C. § 1347 (Health Care Fraud) as charged in Counts One through Nine of this Indictment and incorporated herein.

18 U.S.C. § 1028A(a)(1)
18 U.S.C. § 2

## COUNT SEVENTEEN
### (Aggravated Identity Theft)

The Grand Jury for the District of Maryland further charges that:

1. Paragraphs 1 through 11 of Counts One through Fifteen of this Indictment are incorporated here.

2. From at least on or about June 16, 2017, through at least on or about June 22, 2017, in the District of Maryland and elsewhere, the defendant,

**TAMIKO SCOTT-BONDS,**
**a/k/a "Tamiko Richardson,"**

during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), knowingly transferred, possessed, and used, without lawful authority, a means of identification of another person; to wit, Health Care Provider 2's actual name and DEA number, during and in relation to a violation of 18 U.S.C. § 1347 (Health Care Fraud) as charged in Counts Ten through Thirteen of this Indictment and incorporated herein.

18 U.S.C. § 1028A(a)(1)
18 U.S.C. § 2

## COUNT EIGHTEEN
### (Aggravated Identity Theft)

The Grand Jury for the District of Maryland further charges that:

1.      Paragraphs 1 through 11 of Counts One through Fifteen of this Indictment are incorporated here.

2.      From at least on or about June 29, 2016, through at least on or about July 20, 2016, in the District of Maryland and elsewhere, the defendant,

**TAMIKO SCOTT-BONDS,**
a/k/a "Tamiko Richardson,"

during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), knowingly transferred, possessed, and used, without lawful authority, a means of identification of another person; to wit, Health Care Provider 3's actual name and DEA number, during and in relation to a violation of 18 U.S.C. § 1347 (Health Care Fraud) as charged in Counts Fourteen and Fifteen of this Indictment and incorporated herein.

18 U.S.C. § 1028A(a)(1)
18 U.S.C. § 2

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1. Pursuant to Federal Rule of Criminal Procedure 32.2, notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(7), as a result of the defendant's convictions on Count One through Fifteen of the Indictment.

2. As a result of the offenses set forth in Counts One through Fifteen of the Indictment, the defendant,

**TAMIKO SCOTT-BONDS,**
a/k/a "Tamiko Richardson,"

shall forfeit to the United States, all property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violations.

3. If, as a result of any act or omission of any defendant, any of the property described above as being subject to forfeiture,:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or,

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property.

18 U.S.C. § 981(a)(1)(C)
18 U.S.C. § 982(a)(7)
21 U.S.C. § 853(p)
28 U.S.C. § 2461

_____
Stephen M. Schenning
Acting United States Attorney

A TRUE BILL:

__[SIGNATURE REDACTED]__
Foreperson

Date: April 9, 2018