## ATTACHMENT A

## STIPULATION OF FACTS

*The undersigned parties stipulate and agree that if this case had proceeded to trial, this Office would have proven the following facts beyond a reasonable doubt. The undersigned parties also stipulate and agree that the following facts do not encompass all of the evidence that would have been presented had this matter proceeded to trial.*

From at least in or about September 2015 and continuing through at least in or about June 2017, in the District of Maryland and elsewhere, **TAMIKO SCOTT-BONDS, a/k/a "Tamiko Richardson" ("BONDS")** knowingly and willfully executed, and attempted to execute, a scheme and artifice to defraud a health care benefit program, and to obtain by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of, a health care benefit program, in connection with the delivery of and payment for health care benefits, items, and services ("the scheme to defraud"). Specifically, on or about the dates listed below, **BONDS** caused to be submitted false and fraudulent claims to the Maryland Medicaid health care benefit program:

| Health Care Provider | Individual | Controlled Substance | Date Prescription Filled | Amount Claimed |
|---|---|---|---|---|
| 1 | 1 | Oxycodone | 9/5/2015 | $47.73 |
| 1 | 1 | Alprazolam | 9/14/2015 | $7.88 |
| 1 | 1 | Dextroamphetamine Amphetamine | 9/28/2015 | $66.29 |
| 1 | 2 | Oxycodone | 9/14/2015 | $42.34 |
| 1 | 2 | Alprazolam | 6/19/2016 | $7.88 |
| 1 | 2 | Alprazolam | 7/11/2016 | $7.88 |
| 1 | 2 | Alprazolam | 8/2/2016 | $7.88 |
| 1 | 3 | Alprazolam | 4/16/2016 | $7.88 |
| 1 | 3 | Alprazolam | 5/8/2016 | $7.88 |
| 2 | **SCOTT-BONDS** | Promethazine | 6/16/2017 | $38.42 |
| 2 | **SCOTT-BONDS** | Promethazine | 6/22/2017 | $38.42 |
| 2 | **SCOTT-BONDS** | Clonazepam | 6/16/2017 | $12.94 |
| 2 | **SCOTT-BONDS** | Clonazepam | 6/19/2017 | $12.94 |
| 3 | **SCOTT-BONDS** | Alprazolam | 6/29/2016 | $7.88 |
| 3 | **SCOTT-BONDS** | Alprazolam | 7/20/2016 | $7.88 |

During and in relation to **BONDS**'s execution of the scheme to defraud described above, **BONDS** possessed, transferred, and used—without lawful authority—Health Care Provider 1's real name and Drug Enforcement Administration number, both of which were means of identification as defined by 18 U.S.C. § 1028(a)(7). At the time **BONDS** possessed, transferred, and used Heath Care Health Care Provider 1's means of identification, **BONDS** knew that Health Care Provider 1 was a real person.

On March 1, 2016, law enforcement officers encountered **BONDS** after she drove her car into a traffic sign at the corner of West Greenbelt Road and North Kenilworth Avenue in Greenbelt, Maryland. Because **BONDS** had a suspended license and an outstanding arrest warrant, the officers arrested **BONDS**. During a lawful search of **BONDS**'s car, officers found medication bottles filled in the names of pharmaceutical patients; prescription receipts; blank prescriptions; completed prescriptions; prescription bottles filled with Percocet, Adderall, Clonidine, Gabapentin, Alprazolam, and Metformin; identification cards issued to Individual 1 and Individual 2; and a six page handwritten ledger of 78 names and birth dates, including names which also appeared on the prescription receipts, completed prescriptions, and pill bottles found in **BONDS**'s car. The prescription receipts and completed prescriptions found in **BONDS**'s car were written using the stolen names and Drug Enforcement Administration ("DEA") numbers of practicing physicians, including Health Care Provider 1, and were for Oxycodone, Percocet, and Alprazolam, among other drugs.

On October 22, 2016, **BONDS**—wearing medical scrubs and a stethoscope around her neck—went into a pharmacy in Anne Arundel County, Maryland and attempted to fill a fraudulent prescription for 90 pills of Alprazolam which was written to Individual 4. The prescription was written using Health Care Provider 2's stolen name and DEA number. The pharmacist—suspicious that **BONDS** was committing prescription fraud—called the Anne Arundel police. Law enforcement officers who responded to the pharmacy ran a warrant check and found that **BONDS** had open warrants for failure to appear, identity theft, and prescription fraud. The officers thereafter arrested **BONDS**, and incident to arrest conducted a lawful search of **BONDS**'s purse. In **BONDS**'s purse, officers found **BONDS's** driver's license; a USB drive; prescription receipts for Alprazolam, Promethazine, and Clonidine written to different pharmaceutical patients; a notebook with handwritten names and dates of birth that **BONDS** used to commit prescription fraud; and three pill bottles containing assorted pharmaceutical drugs, including a Clonidine bottle prescribed to Individual 5.

On October 31, 2016, law enforcement obtained a warrant to search the USB drive found in **BONDS**'s purse. That USB drive contained **BONDS's** credit report, earning statements, and medical records. Officers also discovered on the USB drive a blank prescription template with Health Care Provider 1's stolen name and DEA number; and fraudulent electronic prescriptions that **BONDS** created from Health Care Provider 1 to Individual 2 and Individual 3, both of which were for Alprazolam. That day, **BONDS** was interviewed in a Baltimore County jail. After waiving her Miranda rights, **BONDS** admitted to filling fraudulent prescriptions at pharmacies in Maryland.

Additional evidence shows that **BONDS** used Individual 1, Individual 2, and Individual 3's stolen identities to fill fraudulent prescriptions. Specifically, when **BONDS** was arrested following the March 1, 2016 car crash, officers found in **BONDS**'s possession Individual 1's driver's license and a receipt for a fraudulent Alprazolam prescription written to Individual 1. With respect to Individual 2, on March 1, 2016, officers found in **BONDS**'s possession Individual 2's identification card and a receipt for an Alprazolam prescription written to Individual 2. Further, incident to the October 22, 2016 pharmacy arrest, officers found an electronic Alprazolam prescription from Health Care Provider 1 to Individual 2 on **BONDS**'s USB drive. With respect to Individual 3, officers found an Alprazolam prescription written to Individual 3 in **BONDS**'s

purse after the March 1, 2016 car crash; Individual 3's name and date of birth in the notebook officers found on **BONDS** incident to the October 22, 2016 pharmacy arrest; and an electronic Alprazolam prescription written to Individual 3 on **BONDS**'s USB drive.

Further, pharmacy surveillance footage from four separate dates shows **BONDS** filling fraudulent prescriptions. Contemporaneous records from those dates show that **BONDS** was filling prescriptions for Alprazolam that were fraudulently written using the names and DEA numbers of Health Care Provider 1 and Health Care Provider 3. The two Health Care Provider 1 prescriptions were both written to Individual 3. The Health Care Provider 3 prescriptions were both written to **BONDS**. Hospital records show that all four prescriptions were forged.

Medicaid data shows that prescriptions were written using Health Care Provider 1 and Health Care Provider 2's names and DEA numbers to Individual 1, Individual 2, and Individual 3 for Alprazolam, Oxycodone, and Adderall. Health Care Provider 1 and Health Care Provider 2's stolen DEA numbers were also used to write at least 27 prescriptions to **BONDS** for Alprazolam, Clonazepam, Promethazine, and Adderall.

Individual 1, Individual 2, and Individual 3 have never met or spoken to **BONDS**.

SO STIPULATED:

_____
Gregory Bernstein
Assistant United States Attorney

_____
Tamiko Scott-Bonds
Defendant

_____
Douglas Miller, Esq.
Counsel for Defendant